[Cite as *In re P.K.*, 2019-Ohio-2311.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: P.K. | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| ALLEGED DELINQUENT CHILD | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 19 CA 08 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
                                 Court of Common Pleas, Juvenile
                                 Division, Case No. 18JA00437

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 June 10, 2019

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant P.K.

JAMES R. SKELTON                       STEPHANIE L. CHURCH
MELISSA R. BRIGHT                      Tribbie, Plummer, Church & LaPlante, LLC
Assistant Guernsey County              139 West Eighth Street
Prosecuting Attorneys                  P.O. Box 640
627 Wheeling Avenue                    Cambridge, Ohio 43725-0640
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}   Appellant P.K. appeals from the March 4, 2019 Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division.

STATEMENT OF THE FACTS AND CASE

{¶2}   On November 5, 2018, a complaint was filed alleging that P.K. was a delinquent child. The complaint alleged that P.K. had walked away from law enforcement officers three times after being asked to come towards the officers, had pulled her hands from the arresting officers, and had pulled her left hand free from handcuffs and that the offense, if committed by an adult, would constitute a violation of R.C. 2921.31, obstructing official business, a misdemeanor of the second degree. P.K. had run away from her grandmother's home and refused to return home. At the arraignment on December 10, 2018, a technical denial was entered by the trial court on behalf of P.K.

{¶3}   On December 21, 2018, appellant's counsel filed a Juv.R. 24 discovery request. Appellee, acting through the Guernsey County Prosecutor's Office, filed a response to the request on January 4, 2019. The response included a 4 page report from the Cambridge Police Department and the names of the two officers involved in the case. No officer body camera recordings were provided.

{¶4}   As memorialized in a letter dated January 17, 2019 from an Assistant Prosecuting Attorney to appellant's counsel, appellant's counsel was advised that there were no video recordings available for the incident involving P.K.  Attached to the letter was a copy of a text conversation between the Prosecuting Attorney's Secretary and Sergeant Gebhart of the Cambridge Police Department stating that there was no video.

{¶5}    The trial court, as memorialized in a Journal Entry filed on January 22, 2019, ordered that all discovery was to be completed within fourteen (14) days. On January 31, 2019,  appellant P.K. filed a discovery compliance pursuant to Juv.R. 24 indicating that the two officer body camera video recordings might be used at the trial in the matter.

{¶6}    On February 11, 2019, appellant's counsel filed a Motion to Dismiss or, in the Alternative, Motion for Sanctions. Appellants's counsel, in such motion, stated that she had obtained the recordings on or about January 30, 2019 pursuant to a public records request to the Cambridge Police Department. Counsel argued  that appellee's failure to provide the recordings constituted a violation of the requirements of in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and asked that the matter be dismissed or other appropriate sanctions imposed. Appellee filed a memorandum, in opposition to appellants's motion on February 22, 2019 arguing that no *Brady* violation had occurred because the recordings were not exculpatory and no prejudice had occurred. Appellant's counsel filed a reply on February 28, 2019.

{¶7}    Pursuant to a Journal Entry filed on March 4, 2019, the trial court denied the Motion to Dismiss, but granted the alternative Motion for Sanctions and ordered the Guernsey County Prosecutor's Office to pay the attorney fees of appellant's attorney for the time required to discover the body camera videos and the time spent preparing and filing the Motion to Dismiss and reply. The trial court, in its Journal Entry, found that the evidence had been suppressed by the State of Ohio, but that there had been no suggestion that the evidence was willfully suppressed. The trial court stated, in relevant part, as follows: "However, it does appear that a halfhearted effort was made to discover evidence. It is well known that the Cambridge Police Department Officers have body

cameras on their person. It is also well known that they are to have cameras on when an incident, stop, or investigation is taking place." The trial court further found that P.K. was not prejudiced because the videos were discovered by defense counsel fourteen days prior to trial and that, therefore, P.K. was not denied due process.  The trial court, in its Journal Entry, further stated, in relevant part, as follows:

> However, having found that the alleged delinquent was not prejudiced does not excuse the State of Ohio's lack of effort in this matter. Defense Counsel is an experienced lawyer and former prosecutor.  She is aware of the policies of the various law enforcement agencies in this County and knows who to call to find information.  A less experienced attorney may not know that information and could result in their clients not receiving the Due Process that they are entitled to under the laws of this Country.

{¶8}    Appellant now appeals from the March 4, 2019 Journal Entry raising the following assignment of error on appeal:

{¶9}    "I. THE TRIAL COURT ERRED IN FINDING THAT NO *BRADY* VIOLATION OCCURRED WHERE THE STATE OF OHIO, ACTING THROUGH THE GUERNSEY COUNTY PROSECUTOR'S OFFICE, DENIED THE EXISTENCE OF VIDEO RECORDINGS OF THE APPELLANT'S ARREST, WHICH VIDEOS WERE IN FACT AVAILABLE AND WERE ACQUIRED BY APPELLANT PURSUANT TO A PUBLIC RECORDS REQUEST."

I

{¶10}  Appellant, in her sole assignment of error, argues that the trial court erred in finding that no *Brady* violation had occurred. We disagree.

**{¶11}** Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215(1963), the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. See 373 U.S., at 87. The Supreme Court has explained, "evidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell,* 556 U.S. 449, 469–470, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009). A reasonable probability does not mean that the defendant "would more likely than not have received a different verdict with the evidence," only that the likelihood of a different result is great enough to "undermine [ ] confidence in the outcome of the trial." *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (internal quotation marks omitted).

**{¶12}** In *State v. Wickline,* 50 Ohio St.3d 114, 552 N.E.2d 913(1990), the Ohio Supreme Court rejected a claim that the state's failure to provide exculpatory information to the defendant prior to trial was a reversible *Brady* violation for three reasons. First, the Court noted that in *United States v. Agurs* , 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976), the United States Supreme Court noted that the rule of *Brady* applies to situations involving the discovery, after trial, of information which was known to the prosecution but unknown to the defense. In *Wickline,* the alleged exculpatory records were presented during the trial, and therefore no *Brady* violation existed. 50 Ohio St .3d at 116, 552 N.E.2d 913. *Accord, State v. Hanna,* 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678,  ¶ 82; *State v. Green,* 90 Ohio St.3d 352, 372, 2000-Ohio-182, 738 N.E.2d 1208.

**{¶13}** Second, the court in *Wickline* noted that Crim. R. 16(E)(3), which is now Crim.R. 16(L),  provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

**{¶14}** The court held that the appellant could have pursued less drastic means than seeking a new trial. *Id.* The appellant argued that no remedial order could have ensured his right to a fair trial because the leading witness against him had already testified. The court concluded that pursuant to Crim. R. 16(E)(3), the trial court was empowered to order the return of the witness and make her available for continued cross-examination. *Id.* at 117, 552 N.E.2d 913.

**{¶15}** Finally, the *Wickline* court concluded that the appellant had failed to show how the outcome of his trial would have been different had the materials been disclosed prior to trial. *Id.* In determining whether the prosecution improperly suppressed evidence favorable to an accused, the evidence is material only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. *Id.,* citing *State v. Johnston,* 39 Ohio St.3d 48, 529 N.E.2d 898(1988), paragraph 5 of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

**{¶16}** "…*Brady* applies only to material discovered after trial because the defendant, if he chooses to, can generally ensure that material discovered prior to or during trial will be entered into evidence and is, thus, not substantially prejudiced." *State v. Aldridge,* 120 Ohio App.3d 122, 146, 697 N.E.2d 228(2nd Dist.1997).

**{¶17}** Because, in the case sub juice, as noted by the trial court, the "videos in question were discovered by defense counsel fourteen days prior to trial" and defense counsel had time to prepare her case based on the videos, we find that appellant was not prejudiced. We find, therefore, that the trial court did not err in finding no *Brady* violation.

**{¶18}** Appellant's sole assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.